IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:22-CR-00060-KDB-SCR

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>MICHAEL ELLIOT KOHN,<br>CATHERINE ELIZABETH<br>CHOLLET, AND<br>DAVID SHANE SIMMONS,<br><br>Defendants. | ORDER |

**THIS MATTER** is before the Court on Defendant Catherine Elizabeth Chollet's Motion for Bail Pending Appeal (Doc. No. 271), which the Government opposes. The Court has carefully considered this motion, and the parties' briefs. For the reasons discussed below and previously stated by the Court with respect to Chollet's contentions of error, the Court will **DENY** the motion.

### I.   LEGAL STANDARD

A district court's authority to grant bail to a criminal defendant pending an appeal is limited under 18 U.S.C. § 3143. Bail can only be granted if the defendant can demonstrate (1) clear and convincing evidence that the defendant is neither a flight risk nor a danger to the community, and (2) that the appeal raises a substantial question of law or fact likely to result in reversal or an order for a new trial and which was not brought to delay proceedings. *See* 18 U.S.C. § 3143(b); *United States v. Black*, 737 F. Supp. 359, 360 (W.D.N.C. 1990) (placing the burden of proof as to the elements of § 3143(b) on the defendant). Only once the defendant has met *both* prongs of the test can the district court order the defendant released on bail.

1

Further, the presumption of § 3143(b) is that a person whose appeal is pending will be detained. While the statute permits some releases pending appeal, such instances are the exception. *See United States v. Veneri*, 635 F. Supp. 1259, 1260 (M.D.N.C. 1986), *aff'd,* 813 F.2d 1229 (4th Cir. 1987) (declaring that granting bail pending appeal under § 3143(b) should be a rare occasion); *United States v. Fuller*, No. CR 6:06-40, 2008 WL 11493721, at *1 (D.S.C. May 16, 2008), *aff'd,* 298 Fed. Appx. 289 (4th Cir. 2008) (noting that legislative history shows Congress' intent to reverse the prior presumption in favor of bail pending appeal that existed in the Bail Reform Act of 1966). Thus, a defendant seeking bail pending appeal should understand that she is asking the Court to "do the unusual." *U.S. v. Hamrick*, 720 F. Supp. 66, 67 (W.D.N.C. 1989).

## II. FACTS AND PROCEDURAL HISTORY

In November 2022, Chollet was indicted by a grand jury and charged with conspiracy to defraud the United States (Count 1), in violation of 18 U.S.C. § 371; aiding and assisting in the preparation of false tax returns (Counts 2-12), in violation of 26 U.S.C. § 7206(2); and aiding and assisting in the filing of false tax returns (Counts 21-22), in violation of 26 U.S.C. § 7206(2). *See* Doc. No. 1. After numerous pretrial motions, the case went to trial on April 15, 2024.[1]

The jury returned a guilty verdict on all counts on April 25, 2024. On November 13, 2024, Chollet was sentenced to 48 months in prison as to Count 1, and 36 months in prison as to each of Counts 2-12 and 21-22, to be served concurrently. *See* Doc. No. 251. In addition, she was ordered to serve three years on supervised release and to pay $22,515,615.00 (jointly and severally with the other defendants) in restitution to the Internal Revenue Service. *Id.*

---

[1] In its Response to Defendants' Motions for Judgment of Acquittal or in the Alternative, Motions for a New Trial (Doc. Nos. 211-13), the Government provided a comprehensive review of the evidence presented at trial that the Court finds to be accurate. *See* Doc. No. 215 at 4-33. The Court will accordingly provide only a short summary of the outcome of the trial.

### III.     DISCUSSION

Chollet asserts that under prong one of 18 U.S.C. § 3143(b), she is not a flight risk or a risk to the community. The Government does not dispute this, and the Court agrees with Chollet. Thus, this prong is met.

Under prong two, Chollet argues that she should be granted bail pending appeal because she raises several "substantial questions" of law which she believes are likely to result in a reversal or an order for a new trial. A "'substantial question' means a 'close question that could reasonably be decided either way.'" *Hamrick*, 720 F. Supp. at 68 (quoting *United States v. Powell*, 761 F.2d 1227, 1232 (8th Cir. 1985)). If the "substantial question" test is met, the Court must then determine "whether that issue is sufficiently important to the merits that a contrary appellate ruling is likely to require reversal or a new trial." *Veneri*, 635 F. Supp. at 1260 (quoting *United States v. Miller,* 753 F.2d 19, 23 (3d. Cir. 1985)) (additional citations omitted).

Specifically, Chollet alleges the following raise substantial questions of law: (1) whether the amendment to the indictment after the close of evidence was fatal; (2) whether the "literal truth" is an applicable defense; (3) whether the Government established venue; (4) whether Chollet was prejudiced when denied access to privileged materials; (5) whether the Court erred in not giving the requested "authorization" instruction; and (6) "other" areas "including but not limited to" insufficiency of proof, cumulative error, and admission of Defendant Kohn's prior conviction.

Assertions (1)-(5) are not new arguments before the Court. Chollet argued each in her previous Motion for Acquittal, or in the Alternative, Motion for a New Trial ("Motion for Acquittal"). *See* Doc. Nos. 213, 228. Accordingly, the Court has already considered each of these issues and fully explained why they did not warrant acquittal or a new trial when denying that

motion (Doc. No. 232). For the same reasons, the Court finds they do not raise "substantial questions" for the purposes of the current motion and will only briefly address them below.

1. **"Amendment" of the Indictment**

During the trial, the Court permitted the Government to amend the indictment by redacting line number references to correct typographical errors. As already explained in the Court's denial of Chollet's Motion for Acquittal, this did not hinder the defendants' trial preparation or introduce new elements for the jury to consider. *See* Doc. No. 232. Therefore, the amendment did not amount to a constructive or fatal amendment and does not raise a substantial question for purposes of bail pending appeal.

2. **The "Literal Truth"**

The Court has previously found that the "literal truth" argument asserted by Chollet is both factually and legally incorrect (and thus does not raise a substantial question for these purposes). *See* Doc. No. 232. As argued by the Government, *United States v. Gollapudi,* 130 F.3d 66 (3d Cir. 1997), renders the "literal truth" defense inapplicable to Chollet's circumstances. Doc. No. 276 at 5-6.

3. **Venue**

In Chollet's Motion for Acquittal, the Court explained that venue was appropriate because "actions related to the preparation of false tax returns occurred in the district" (Doc. No. 232 at 6) and the charges for which Chollet was convicted focus on the conduct of a person who "aids or assists in, or procures, counsels, or advises the preparation" of a false return. 26 U.S.C. § 7206(2). The Court is unpersuaded by Chollet's arguments and finds that this is not a substantial question for the purposes of bail pending appeal.

4. **Privileged Emails**

Chollet was not prejudiced by being denied access to privileged emails. The Court finds the Government's argument persuasive because it notes that Chollet had access to the privileged materials for over a year before they were clawed back, yet she failed to identify with particularity any privileged email that prejudiced her. Doc. No. 276 at 7. Additionally, Chollet chose not to request that the Court issue a subpoena for the records in question; nor did any she call the writers of the emails as witnesses at trial, despite having them on her witness list. *Id.* at 8. *See also* Doc. Nos. 188, 191, 193. Accordingly, denying access to the privileged records did not prejudice Chollet and does not raise a substantial question of law.

5. **Authorization Instructions**

As stated in the Court's denial of Chollet's Motion for Acquittal, "merely working alongside or for a co-conspirator does not create an authorization defense." Doc. No. 232 at 9. Moreover, Chollet had an advanced tax law degree and used the GEP for her own clients (and herself), demonstrating an independent mastery and understanding of the plan. *Id.* Thus, an authorization instruction was improper, and Chollet does not present a substantial question of law.

6. **"Other" Arguments**

Finally, the Court finds that the issues in this category have not been genuinely raised given that Chollet lists them in one sentence and fails to expand upon them or provide argument as to why they raise a substantial question of law. Accordingly, the Court finds that none are substantial for the purposes of bail pending appeal.

### IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

Defendant Chollet's Motion for Bail Pending Appeal (Doc. No. 271) is **DENIED.**

**SO ORDERED ADJUDGED AND DECREED**.

Signed: January 15, 2025

*[Signature]*

Kenneth D. Bell
United States District Judge